NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESAR CENTENO-GALVAN, AKA Cesar Galvan Centeno, AKA Jorge G. Centeno, AKA Cesar Galvan, AKA Cesar Centeno Galvan,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

                Respondent.

No. 18-72014

Agency No. A205-711-552

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2022[**]
Pasadena, California

Before: SILER,[***] CALLAHAN, and FORREST, Circuit Judges.

Petitioner Cesar Centeno-Galvan is a native and citizen of Mexico. He

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

petitions for review of the Board of Immigration Appeals' (BIA) decision upholding the Immigration Judge's denial of his claims for cancellation of removal, voluntary departure, and protection under the Convention Against Torture (CAT). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. ***Cancellation of removal & voluntary departure.*** The BIA did not err in determining that Centeno-Galvan failed to establish that his offense under California Health & Safety Code § 11377(a) (Section 11377(a)) was not a controlled-substance violation that renders him removable and ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1227(a)(2)(B)(i), 1229b(b)(1); *Coronado v. Holder*, 759 F.3d 977, 984–85 (9th Cir. 2014) (holding that Section 11377(a) is divisible and subject to the modified categorical approach). The record is, at best, inconclusive as to what controlled substance Centeno-Galvan was convicted of possessing in violation of Section 11377(a), but that does not benefit him because it is his burden to establish his eligibility for cancellation. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an applicant for relief from removal cannot establish eligibility where a conviction record is inconclusive as to which elements of a divisible statute formed the offense). The BIA also did not err in denying Centeno-Galvan voluntary departure. Substantial evidence supports the agency's denial of

2

voluntary departure under § 1101(f)'s catch-all provision because Centeno-Galvan could not establish good moral character during the statutory period given numerous negative factors, including his prior criminal conviction.[1] 8 U.S.C. § 1101(f); 8 C.F.R. § 316.10.

2. **CAT relief.** Substantial evidence supports the agency's denial of CAT relief because Centeno-Galvan failed to show that it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) (explaining that CAT relief requires the applicant to "prove not only that torture will more likely than not occur, but also that there is sufficient state action involved in the torture"). Centeno-Galvan's argument hinges "on the present conditions in Mexico as illustrated in the country condition reports" that recent migrants might be targeted upon return. Such generalized evidence of crime in Mexico, however, is too speculative to establish an individualized threat of torture or the necessary state action for CAT relief. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (possibility of torture too speculative); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in Mexico that is

---

[1] Centeno-Galvan waived any challenge to the BIA's alternative finding related to the catch-all provision by not raising it in his opening brief. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

3

not particular to the petitioner is insufficient to meet CAT standard).

**PETITION FOR REVIEW DENIED.**